FILED
AUG - 5 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABRAHAM SERRANO OSORIO, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08 1347 |
| HARLEY LAPPIN, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application for a writ of *habeas corpus* and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Petitioner challenges his conviction on one of two counts following a trial in the United States District Court for the District of Puerto Rico. He alleges ineffective assistance of counsel and argues that conviction on the second count violated the rule in *Jones v. United States*, 119 S.Ct. 1215 (1999). Such claims must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner has not argued that the remedy by motion is

ineffective.

Lacking jurisdiction to entertain the habeas petition, the Court will dismiss the case by separate Order issued contemporaneously with this Memorandum Opinion.

Date: July 30, 2008

/s/ John D. Bates
United States District Judge